IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY HENAGAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC.,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Troy Henagan ("Plaintiff"), by and through his undersigned counsel, and files this, her Complaint for Damages against Defendant The Elevance Health Companies, Inc. ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of his rights under The Age Discrimination in Employment Act ("ADEA"), as amended.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Upon Plaintiff's request, the EEOC issued Plaintiff's Notice of Right to sue on July 19, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all times relevant, Defendant has had twenty or more employees. For each working day in each of twenty or more calendar weeks during 2023 and 2024, Defendant had fifteen or more employees.

9.

Defendant was an employer subject to the ADEA at all times relevant to the claims asserted herein.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, The Corporation Company (FL), 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041.

**FACTS**

11.

Plaintiff is 62 years old.

12.

Plaintiff began his employment with Defendant, in or about June 2019. At the time of his termination in June 2024, Plaintiff's held the title of Vice President & Chief Human Resources Officer.

13.

On or about February 13, 2024, Plaintiff's direct supervisor, Josh Greenwald, met with Plaintiff for a routine annual review and evaluation of Plaintiff's performance. During this meeting, Greenwald raised no issues with Plaintiff's performance and issued an evaluation that stated that Plaintiff was meeting expectations.

14.

However, following Plaintiff's performance review, Greenwald told Plaintiff "they want to go in another direction," and explained that Defendant wanted "to hire a younger person into [Plaintiff's] role". At that time, Plaintiff once again asked if this decision was based on performance and Greenwald confirmed that it was not based on performance. Following Mr. Greenwald's statements, Plaintiff relayed that he was surprised to which Greenwald stated that it was a "win-win because people know you want to retire." Greenwald then further informed Plaintiff that it was good for him and said, "you probably want to go anyways." In explaining the desire to hire a younger person into Mr. Henagan's role, Greenwald further stated that a younger person would be able to grow to be promoted into Mr. Greenwald's role in the future.

15.

Greenwald further informed Plaintiff that his final day with the company would be April 30, 2024.

16.

On or before February 13, 2024, Defendant began interviewing Ricardo Hruschka-Bonds, Plaintiff's replacement, who began his employment, on or about April 8, 2024.

17.

Mr. Hruschka-Bonds was under 43 years old at the time Defendant hired him.

18.

Given that he was being subjected to termination, on or about February 20, 2024, Plaintiff submitted a proposal to Greenwald stating that he would stay on through the end of 2024, and then transition out of the company. Greenwald stated that the time frame was too long and that it would not work for them, and further stated that he would speak with Pete Haytaian, President of Caralon Business Line.

19.

Following Plaintiff's meeting with Greenwald, Plaintiff was contacted by Lauren McKeever (HR Business Partner) regarding the preparation of a statement announcing Plaintiff's departure from the company. At that time, McKeever sent over two drafts for Plaintiff's review. One draft stated that Plaintiff was retiring and the other stated that Plaintiff was moving on to pursue other opportunities. Plaintiff objected to any language regarding "retirement," as Plaintiff had no intention of retiring and had relayed that information to his direct reports, as well as Greenwald.

20.

On or about February 22, 2024, Haytaian came to Atlanta and met with Plaintiff. During this meeting, Haytaian further confirmed that Defendant's actions

were not based on Plaintiff's performance. Plaintiff inquired again about his proposal and Haytaian stated that he would discuss it with Greenwald.

21.

On or about February 27, 2024, Greenwald contacted Plaintiff and stated that it would be in everyone's best interest and would send the right signal, if Defendant was able to announce Plaintiff's "retirement." Plaintiff once again objected to the use of "retirement" terminology as it was not Plaintiff's choice to end his employment with Defendant.

22.

On or about February 28, 2024, Greenwald held two calls, one with management and one with Plaintiff's direct team. During those two calls, Greenwald relayed the messaging to Defendant's employees that Plaintiff was retiring.

23.

Following the announcement, on February 29, 2024, Greenwald extended the date of Plaintiff's termination, until May 30, 2024, and subsequently extended the separation date again to June 3, 2024.

24.

On or about June 3, 2024, Plaintiff's employment with Defendant was terminated.

25.

Plaintiff was qualified for his position.

26.

Defendant terminated Plaintiff because of his age, over 40 years old. In so doing, Defendant violated the ADEA. Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's age.

27.

Defendant replaced Plaintiff with a substantially younger person.

28.

As a result of Defendant's unlawful termination of Plaintiff, he has suffered damages, including but not limited to lost wages and benefits.

## COUNT I: Age Discrimination in Violation of theADEA

29.

Plaintiff re-alleges paragraphs 11-28, as if set forth fully herein.

30.

At all times relevant, Plaintiff has been a member of a protected class under the ADEA. In particular, Plaintiff was over 60 years old at the time of his termination.

31.

Defendant terminated Plaintiff because of his age, over 40.

31.

Defendant replaced Plaintiff with a substantially younger person. In particular, Plaintiff was replaced with a person that was under 43 years old at the time of being placed in Plaintiff's role.

32.

Plaintiff was qualified for his position.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith. Plaintiff is entitled to all damages available under the ADEA, including lost wages and benefits, liquidated damages, attorneys' fees, and equitable relief, including front-pay.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant Plaintiff liquidated damages in an amount equal to lost wages and benefits;

(D)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E)   Grant Plaintiff front-pay and any other equitable relief available;

(F)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 3rd day of September, 2024.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com