UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY HENAGAN,<br><br>      Plaintiff,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC.,<br><br>      Defendant. | Case No. 1:24-cv-03918-MHC-WEJ |

**DEFENDANT THE ELEVANCE HEALTH COMPANIES, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO TROY HENAGAN'S COMPLAINT FOR DAMAGES**

Defendant The Elevance Health Companies, Inc. ("Elevance"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff Troy Henagan's Complaint for Damages and asserts its affirmative and other defenses as follows:

## NATURE OF COMPLAINT

### COMPLAINT ¶1:

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of his rights under The Age Discrimination in Employment Act ("ADEA"), as amended.

### ANSWER:

Defendant admits that Plaintiff purports to bring this action for alleged damages and attorney fees against it for alleged violations of his rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), but Defendant denies that it violated the ADEA, discriminated against Plaintiff, or

violated any anti-discrimination law with respect to Plaintiff's employment. Defendant also denies that Plaintiff is entitled to damages or to any relief whatsoever and denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶2:**

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiff's claims by virtue of 28 U.S.C. §§ 1331 and 1343. To the extent that it is inferred, Defendant denies it violated any law with respect to Plaintiff's former employment with Defendant. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

**ANSWER:**

Defendant admits that venue is appropriate in this Court. To the extent that it is inferred, Defendant denies it engaged in any unlawful employment practices, violated the ADEA or any other law with respect to Plaintiff's former employment with Defendant. Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

**COMPLAINT ¶4:**

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Upon Plaintiff's request, the EEOC issued Plaintiff's Notice of Right to Sue on July 19, 2024.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint.

**COMPLAINT ¶5:**

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

**COMPLAINT ¶6:**

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

**ANSWER:**

Upon information and belief, Plaintiff admits the allegations in Paragraph 6 of Plaintiff's Complaint.

**COMPLAINT ¶7:**

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

**ANSWER:**

Defendant admits that it was and is qualified to do business in Georgia and that it has conducted business within this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

**COMPLAINT ¶8:**

At all times relevant, Defendant has had twenty or more employees. For each working day in each of twenty or more calendar weeks during 2023 and 2024, Defendant had fifteen or more employees.

**ANSWER:**

Defendant admits that it has had twenty or more employees throughout 2023 and 2024. Defendant also admits that for each working day for twenty or more calendar weeks in 2023 and 2024, it had fifteen or more employees. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation "at all times relevant" contained in Paragraph 8 of Plaintiff's Complaint.

**COMPLAINT ¶9:**

Defendant was an employer subject to the ADEA at all times relevant to the claims asserted herein.

**ANSWER:**

Defendant admits that it is an "employer" as that term is defined or construed by the ADEA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

**COMPLAINT ¶10:**

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, The Corporation Company (FL), 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041.

**ANSWER:**

Defendant admits that its Registered Agent for the purpose of service is The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

## FACTS

**COMPLAINT ¶11:**

Plaintiff is 62 years old.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

Plaintiff began his employment with Defendant, in or about June 2019. At the time of his termination in June 2024, Plaintiff's held the title of Vice President & Chief Human Resources Officer.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COMPLAINT ¶13:

On or about February 13, 2024, Plaintiff's direct supervisor, Josh Greenwald, met with Plaintiff for a routine annual review and evaluation of Plaintiff's performance. During this meeting, Greenwald raised no issues with Plaintiff's performance and issued an evaluation that stated that Plaintiff was meeting expectations.

## ANSWER:

Defendant admits that on or about February 13, 2024, Plaintiff's direct supervisor, Josh Greenwald, met with Plaintiff, in part, for an evaluation of Plaintiff's performance. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's complaint.

## COMPLAINT ¶14:

However, following Plaintiff's performance review, Greenwald told Plaintiff "they want to go in another direction," and explained that Defendant wanted "to hire a younger person into [Plaintiff's] role." At that time, Plaintiff once again asked if this decision was based on performance and Greenwald confirmed that it was not based on performance. Following Mr. Greenwald's statements, Plaintiff relayed that he was surprised to which Greenwald stated that it was a "win-win because people know you want to retire." Greenwald then further informed Plaintiff that it was good for him and said, "you probably want to go anyways." In explaining the desire to hire a younger person into Mr. Henagan's role, Greenwald further stated that a younger person would be able to grow to be promoted into Mr. Greenwald's role in the future.

## ANSWER:

Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

## COMPLAINT ¶15:

Greenwald further informed Plaintiff that his final day with the company would be April 30, 2024.

**ANSWER:**

Defendant admits that Greenwald told Plaintiff that his final day with the Company would be April 30, 2024. To the extent that it is inferred vis-à-vis the reference to "further informed," Defendant incorporates its response to Paragraph 14 of Plaintiff's Complaint as if fully set forth herein.

**COMPLAINT ¶16:**

On or before February 13, 2024, Defendant began interviewing Ricardo Hruschka-Bonds, Plaintiff's replacement, who began his employment, on or about April 8, 2024.

**ANSWER:**

Defendant admits the allegations in Paragraph 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

Mr. Hruschka-Bonds was under 43 years old at the time Defendant hired him.

**ANSWER:**

Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

**COMPLAINT ¶18:**

Given that he was being subjected to termination, on or about February 20, 2024, Plaintiff submitted a proposal to Greenwald stating that he would stay on through the end of 2024, and then transition out of the company. Greenwald stated that the time frame was too long and that it would not work for them, and further stated that he would speak with Pete Haytaian, President of Caralon Business Line.

**ANSWER:**

Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint, except that, as to Plaintiff's use of the term "being subjected to termination,"

Defendant denies any implication of wrongdoing or that its decision to terminate Plaintiff's employment violated any law.

**COMPLAINT ¶19:**

Following Plaintiff's meeting with Greenwald, Plaintiff was contacted by Lauren McKeever (HR Business Partner) regarding the preparation of a statement announcing Plaintiff's departure from the company. At that time, McKeever sent over two drafts for Plaintiff's review. One draft stated that Plaintiff was retiring and the other stated that Plaintiff was moving on to pursue other opportunities. Plaintiff objected to any language regarding "retirement," as Plaintiff had no intention of retiring and had relayed that information to his direct reports, as well as Greenwald.

**ANSWER:**

Defendant admits that following Plaintiff's meeting with Greenwald, Plaintiff was contacted by Lauren McKeever (HR Business Partner) regarding the preparation of a statement announcing Plaintiff's departure from the company. Defendant admits that McKeever sent over two drafts for Plaintiff's review and one draft stated that Plaintiff was retiring. Defendant admits that Plaintiff initially objected to any language regarding "retirement". Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning his "intention" of retiring or what Plaintiff refers to by "that information". Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

On or about February 22, 2024, Haytaian came to Atlanta and met with Plaintiff. During this meeting, Haytaian further confirmed that Defendant's actions were not based on Plaintiff's performance. Plaintiff inquired again about his proposal and Haytaian stated that he would discuss it with Greenwald.

**ANSWER:**

Defendant denies that Peter Haytaian told Plaintiff that the decision to end Plaintiff's employment was not based on Plaintiff's performance. Defendant also denies any implication that others had told Plaintiff that the decision to end his employment was not based on his performance vis-à-vis Plaintiff's use of the phrase "further confirmed." Defendant admits the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

On or about February 27, 2024, Greenwald contacted Plaintiff and stated that it would be in everyone's best interest and would send the right signal if Defendant was able to announce Plaintiff's "retirement." Plaintiff once again objected to the use of "retirement" terminology as it was not Plaintiff's choice to end his employment with Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

**COMPLAINT ¶22:**

On or about February 28, 2024, Greenwald held two calls, one with management and one with Plaintiff's direct team. During those two calls, Greenwald relayed the messaging to Defendant's employees that Plaintiff was retiring.

**ANSWER:**

Defendant admits that after Plaintiff agreed to describe his departure as a retirement, Greenwald held two calls, one with management and one with Plaintiff's direct team, and that during those calls, Greenwald relayed the message that Plaintiff

was retiring. Defendant denies any remaining allegations in Paragraph 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

Following the announcement, on February 29, 2024, Greenwald extended the date of Plaintiff's termination, until May 30, 2024, and subsequently extended the separation date again to June 3, 2024.

**ANSWER:**

Defendant admits the allegations in Paragraph 23 of Plaintiff's Complaint.

**COMPLAINT ¶24:**

On or about June 3, 2024, Plaintiff's employment with Defendant was terminated.

**ANSWER:**

Defendant admits the allegations in Paragraph 24 of Plaintiff's Complaint.

**COMPLAINT ¶25:**

Plaintiff was qualified for his position.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

**COMPLAINT ¶26:**

Defendant terminated Plaintiff because of his age, over 40 years old. In so doing, Defendant violated the ADEA. Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's age.

**ANSWER:**

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

## COMPLAINT ¶27:

Defendant replaced Plaintiff with a substantially younger person.

## ANSWER:

Defendant admits that a person who was younger than Plaintiff assumed Plaintiff's former position. Defendant denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

## COMPLAINT ¶28:

As a result of Defendant's unlawful termination of Plaintiff, he has suffered damages, including but not limited to lost wages and benefits.

## ANSWER:

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

## COMPLAINT ¶29:

Plaintiff re-alleges paragraphs 11-28, as if set forth fully herein.

## ANSWER:

Defendant repeats and re-alleges each and every response to the allegations contained in Paragraphs 11 through 28 of Plaintiff's Complaint.

## COMPLAINT ¶30:

At all times relevant, Plaintiff has been a member of a protected class under the ADEA. In particular, Plaintiff was over 60 years old at the time of his termination.

## ANSWER:

Defendant admits that at the time his employment was terminated, Plaintiff was over the age of 60, which is a protected class under the ADEA. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

**COMPLAINT ¶31:**

Defendant terminated Plaintiff because of his age, over 40.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

**COMPLAINT ¶31:** [sic]

Defendant replaced Plaintiff with a substantially younger person. In particular, Plaintiff was replaced with a person that was under 43 years old at the time of being placed in Plaintiff's role.

**ANSWER:**

Defendant admits that a person who was 43 years old at the time assumed Plaintiff's former position. Defendant denies the remaining allegations in the second Paragraph 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

Plaintiff was qualified for his position.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

**COMPLAINT ¶33:**

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith. Plaintiff is entitled to all damages available under the ADEA, including lost wages and benefits, liquidated damages, attorneys' fees, and equitable relief, including front-pay.

**ANSWER:**

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C) Grant Plaintiff liquidated damages in an amount equal to lost wages and benefits;

(D) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E) Grant Plaintiff front-pay and any other equitable relief available;

(F) Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G) Award Plaintiff such further and additional relief as may be just and appropriate.

**ANSWER:**

WHEREFORE, Defendant denies Plaintiff is entitled to any of the relief requested in his Complaint, including the Prayer for Relief, and also denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, Elevance Health does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Elevance Health reserves the right to plead any additional affirmative defenses as they become known during the pendency of this action.

## FIRST DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

## SECOND DEFENSE

To the extent Plaintiff failed to exhaust administrative remedies and/or failed to comply with any procedural prerequisites, prior to bringing claims before the Court, such claims are otherwise barred.

## THIRD DEFENSE

To the extent Plaintiff alleges that any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

## FOURTH DEFENSE

Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## FIFTH DEFENSE

Plaintiff is not entitled to liquidated damages because Defendant acted in good faith to comply with all applicable anti-discrimination laws.

## SIXTH DEFENSE

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Elevance Health respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, and award Defendant its reasonable costs, expenses, and any and all other relief the Court deems just and proper.

DATED:  October 8, 2024

By:  /s/ Misty R. Martin
Misty R. Martin
GA Bar No. 576363
mrmartin@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

Christopher DeGroff (*admission application forthcoming*)
IL Bar No. 6244447
cdegroff@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:   (312) 460-5000
Facsimile: (312) 460-7000

*Counsel for Defendant*
*The Elevance Health Companies, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TROY HENAGAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE ELEVANCE HEALTH<br>COMPANIES, INC.,<br><br>　　　　Defendant. | Case No. 1:24-cv-03918-MHC-WEJ |

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2024, I presented the foregoing DEFENDANT THE ELEVANCE HEALTH COMPANIES, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF TROY HENAGAN'S COMPLAINT FOR DAMAGES with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all participants and counsel of record.

　　　　　　　　　　　　　　　　*/s/ Misty R. Martin*
　　　　　　　　　　　　　　　　Misty R. Martin
　　　　　　　　　　　　　　　　Georgia Bar No. 576363
　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　*The Elevance Health Companies, Inc.*